[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a marital dissolution action in which the court entered judgment on December 7, 1992. As part of the judgment, the court ordered the defendant father to pay the plaintiff mother, as child support for the parents' two minor children, the sum of one hundred ($100) dollars a week in addition to a weekly contribution of ten dollars and thirty three cents ($10.33) toward the plaintiff's cost for maintaining the children on her employment related health insurance.
At the time of the marital dissolution both parties were employed. By motion dated June 10, 1996 the defendant has moved to modify the child support order on the basis that he is no CT Page 2427 longer employed, and that he, and the children through him, are now receiving Social Security disability benefits. At the heart of the parties dispute is the question of whether to attribute the Social Security payments received by the children's mother, their custodial parent, on account of the defendant's disability as income to the defendant or as a credit to the defendant for purposes of calculating his child support obligation.
The defendant presently receives Social Security disability income in the gross amount of seven hundred ninety eight ($798.63) dollars and sixty three cents a month, or one hundred eighty four ($184.30) dollars and thirty cents a week. In addition he has rental income and certain expenses which bring his weekly net income to two hundred sixteen ($216.18) dollars and eighteen cents. At the time of the marital dissolution, the defendant's financial is affidavit reflected net weekly income from self employment of one hundred and sixty six ($166.00) dollars.
At the same time, the plaintiff wife's affidavit reflected net weekly income from employment of four hundred eighty ($480.00) dollars. From her present affidavit the court gleans that the plaintiff has net weekly income of six hundred fifty seven ($657.88) dollars and eighty eight cents. In addition, from the plaintiff's affidavit, the court understands that she receives the sum of fifty three ($53.39) dollars and thirty nine cents a week from the Social Security Administration resulting from the twin facts of the defendant's total disability and the plaintiff's custodianship of the parties' two minor children.
"At the outset, the court notes that the Social Security Administration's allocation of support to the disabled defendant's children is not determinative of the amount of support they are entitled to receive. In other words, the Federal scheme for determining the amount of support to allocate to the children does not fall within the "supremacy clause" as a preemptive federal determination preventing the State from enforcing the policy and letter of its Child Support Guidelines.Rose v. Rose, 481 U.S. 619 (1987). Rose, however, does not determine whether the amount paid by the Social Security Administration to the plaintiff on behalf of the children is attributable to the defendant as income, or whether he should enjoy a credit for this sum paid to the plaintiff as the children's custodial parent. This question is left for State court determination. CT Page 2428
As to the first question, whether the disability payments paid to the children's mother on account of their father's total disability should be attributed to the defendant father as income, neither logic nor reference to the Child Support Guidelines, Connecticut General Statutes § 46b-215a-1 et.seq, support such a finding. In the first place, the sum is not income to the defendant because he does not receive it. In this regard, the plaintiff's argument that the guidelines include the receipt of Social Security as income (cf. C.G.S. § 46b-215a-1
(11)(A)(vii) begs the question because, the court finds, the receipt of Social Security payments is included in this category to the extent the prospective payor actually receives the Social Security payment. Thus, in this case, the defendant receives Social Security payments directly. Accordingly, the amount he actually receives for himself is included in the calculation of his income. Since the defendant does not receive the amount allocated to the custodial parent as payments to the children due to the defendant's disability, there is no reason based in logic or law to attribute these payments as income to him.
The second question concerns whether the amount received by the custodial parent on behalf of the children should either be included in her income, or serve to operate as a credit towards the defendant father's support obligation. This question is answered by reference to the Child Support Guideline Worksheet appended to the Child Support and Arrearage Guidelines issued by the Commission for Child Support Guidelines. On the Guideline Worksheet at line 20, the Commission made provision to make an adjustment for Social Security benefits. The worksheet directs the writer to deduct the amount of Social Security benefits payable under a non custodial parent's account on behalf of a subject child as part of the process in determining the non custodial parent's obligation. The court accepts this direction as indication from the Commission that such payments to a custodial parent should be treated as a credit toward the non custodial parent's obligation. Nowhere, however, is where an indication that such amount should be included as part of the custodial parent's income.
Therefore, the court finds that the Social Security payments received by the custodial parent on behalf of the minor children on account of the non custodial parent's Social Security Disability status are not included in the disabled payee' s income or in the custodial parent's income for purposes of CT Page 2429 calculating their respective child support obligations, but this amount should be treated as a credit against the non custodial parent's child support obligation pursuant to Connecticut's Child Support Guidelines. Thus, in making this decision, the court aligns itself with the reasoning of the court in Jenkins v.Jenkins, FA 90 45884 S, (Tolland, J.D.), (Rittenband, J.), January 24, 1997, and the cases cited therein.
During the course of oral argument, counsel provided the court with child support guideline worksheets and with a calculation concerning arrearages. Since the court's determination of the Parties respective incomes matches neither of the parties' worksheets, the court, having determined the central issue dividing the parties, will leave the calculation of the precise amount of child support as well as the arrearage to the parties themselves with the belief that the calculation of the precise child support amount and the total arrearages will flow logically from the application of the court's decision. The defendant, through counsel, is therefore directed to prepare an order consistent with the court's determination for review by the plaintiff's counsel, and to submit the order for the court's approval within thirty days of this decision.
BISHOP, J.